Matthias, J.
The single issue presented herein is whether the “Hoobler Mono-trailer” attached to the tractor driven by defendant at the time of his arrest fell within the definition of “semitrailer” as set out in Section 9.0102, Codified Ordinances of the City of Cleveland, which definition is almost verbatim the definition of “semitrailer” found in Section 6307-2, General Code (Section 4511.01, Revised Code).
The definition of “semitrailer” as set out in the Cleveland ordinance is as follows:
“Semitrailer. Every vehicle designed for use or used for carrying persons or property with another and separate motor vehicle so that in operation a part *272 of its own weight or that of its load, or both, rests upon and is carried by another vehicle. ’ ’
Implicit in defendant’s denial that the “Hoobler Mono-trailer” is a “semitrailer” within the above definition is an assertion that it is some other type of vehicle. The following are the only other definitions of types of vehicles which are pertinent here. They are set out in Section 9.0102, Codified Ordinances of the City of Cleveland, and are, again, almost verbatim the definitions set out in Section 6307-2, General Code (Section 4511.01, Revised Code):
“ Vehicle. Every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by power collected from overhead electric trolley wires, or used exclusively upon stationary rails or tracks, and except devices other than bicycles moved by human power.”
“Trailer. Every vehicle designed or used for carrying persons or property wholly on its own structure and for being drawn by a motor vehicle, and means and includes any such vehicle when formed by or operated as a combination of a ‘semitrailer’ and a vehicle of the dolly type such as that commonly known as a ‘trailer dolly.’ ”
It is obvious that the term, “vehicle,” includes both “trailer” and “semitrailer” as defined. The definitions of the latter two terms are clear, unambiguous and not conflicting.
It is clear that the lawmaking body intended to include in its definition of “trailer” every vehicle designed or used for carrying persons or property wholly on its own structure, and so designed as to be drawn by a motor vehicle.
It is equally clear that the lawmaking body intended to include within its definition of “semitrailer” every vehicle designed or used for carrying persons or *273 property with another and separate motor vehicle so that in operation a part of its own weight or that of its load, or both, rests upon and is carried by another vehicle.
We note with interest the answers elicited from the defendant upon cross-examination:
“Q. Can you describe in your own words exactly what you do when you connect that tractor to the trailer? A. Well, I just back into it, hook my air hose and cord and wind the dollies up.
“Q. You wind the dollies up? A. Yes. That is the wheels that hold the trailer up off the ground.
“Q. * * * When the dollies are on the ground they support the weight of the trailer? A. No, just the front end of it.
“ Q. Some part of the trailer is supported by dollies ? A. Yes.
“Q. After you connect the trailer to the tractor you say you take the dollies up? A. Yes.
“Q. What supports the weight of that trailer? A. The tractor.”
Defendant’s witnesses were quite uniform in their praise of the efficiency and safety of the “Hoobler Mono-trailer,” but, although they consistently attempted to describe it as something which is not quite a “semitrailer,” none was able to contradict the conclusion, inevitably drawn from the last question and answer quoted above, that, under ordinary circumstances, a part of the weight of the “Hoobler Mono-trailer” is supported by the tractor when attached thereto.
It is elementary that said vehicle must be attached to a tractor in order to be operated and used for the purpose for which it was designed, i. e., “for carrying persons or property.”
It is, thus, clear from the record that the “Hoobler Mono-trailer” falls squarely within the definition of *274 “semitrailer” as given by Section 9.0102, Codified Ordinances of the City of Cleveland, although the vehicle incorporates certain patented features which render it a distinct type of semitrailer.
It is contended that although the “Hoobler Mono-trailer ’ ’ might fit such definition it should be excluded therefrom since it was not in existence until after the ordinance had been passed and, being a new type of vehicle, could not have been within the contemplation of the lawmaking body at the time it enacted the ordinance.
This position is untenable, however, as we find that legislation clearly and unambiguously defining “semitrailer” as “every vehicle designed for use or used for carrying persons or property with another and separate motor vehicle so that in operation a part of its own weight or that of its load, or both, rests upon and is carried by another vehicle” is applicable to a vehicle fitting such definition, even though the particular type of vehicle was not in existence at the time the legislation was enacted; and that such new type vehicle is subject to all the laws regulating “semitrailers.”
“A statute may include by inference a case not originally contemplated when it deals with a genus within which a new species is brought. Thus a statute making it unlawful to willfully throw a stone at a railroad car includes an interurban or traction railway car, although such cars were not known or in use at the time the statute was enacted.” State v. Cleveland, 83 Ohio St., 61, 93 N. E., 467.
“When the meaning of the language employed in a statute is clear, the fact that its application works an inconvenience or accomplishes a result not anticipated or desired should be taken cognizance of by the legislative body, for such consequence can be avoided only by a change of the law itself, which must be made by *275 legislative enactment and not by judicial construction.” State, ex rel. Nimberger, v. Bushnell et al., Bd. of Edn., 95 Ohio St., 203, 116 N. E., 464.
Since it is conceded by the defendant that the combination of vehicles in question, which we find to be a “commercial tractor and semitrailer,” was more than 45 feet in length, it becomes obvious that he was operating such “commercial tractor and semitrailer” unlawfully upon the streets of the city of Cleveland, and that there was no error in his conviction by the Cleveland Municipal Court.
The judgment of the Court of Appeals for Cuyahoga County should be, and it hereby is, reversed, and the judgment of the Cleveland Municipal Court is affirmed.

Judgment reversed.

Weygandt, C. J., Hart, Zimmerman, Stewart, Bell and Taut, JJ., concur.